IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ronnie McCray, #244124, )<br>)<br>      Plaintiff, )<br>)<br>  vs. )<br>)<br>Cpt. Joseph Deloach, Sgt. Mitchell )<br>Odom; Sgt. James Rumph; and Lt. )<br>James Johnson, )<br>)<br>      Defendants. )<br>             ) | Civil Action No. 6:04-1146-CMC-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on the plaintiff's motion for temporary restraining order ("TRO").

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

  In the instant case, the plaintiff, who was confined in the Special Management Unit of the Allendale Correctional Institution in Fairfax, South Carolina, admits to throwing an unknown liquid substance on a female correctional officer on June 8, 2003 (pl. m. for TRO at 2-3; comp. at 3). Following the incident, the plaintiff admits to a "continued refusal to comply with officers' directives" when they tried to place restraints on him and remove him from his cell (pl. m. for TRO at 2; comp. at 3-4). He claims that during the Forced Cell Movement, the officers used excessive force in extracting him from the cell. He further alleges that defendant Sergeant Mitchell Odom pushed him into a window, causing the window to shatter but not break (pl. m. for TRO at 2).

In his motion for a TRO, the plaintiff seeks to enjoin the defendants from (1) using excessive force and (2) inadequately supplying the law library at Allendale. In the alternative, he asks to be transferred to another institution and the implementation of a commission to analyze the use of force by SCDC officials and the access to law libraries by inmates.

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

> (a) The plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether the plaintiff will suffer irreparable injury if the injunction is not issued;
>
> (c) the injury to the defendant if the injunction is issued; and
>
> (d) the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271.

The plaintiff here has made no showing of irreparable harm. While he claims that the correctional officers subjected him to excessive force on June 8, 2003, there is no indication that the situation is ongoing, repetitious, part of a longstanding operation or any other allegation from which the court can discern a need for immediate relief. While he contends that he "is constantly subjected to harassment" and is "denied proper access to the court," the plaintiff offers no supporting factual allegations (pl. m. for TRO at 3). The plaintiff's bald conclusions and restatement of the allegations in his complaint fail to

demonstrate irreparable harm and further fail to weigh in his favor as to the remaining factors. This court is simply not in the business of supervising prisons and managing the administration of prison facilities. Therefore, it is recommended that the plaintiff's motion be denied.

Based on the foregoing, it is recommended that the plaintiff's motion for a temporary restraining order be denied.

                                        s/William M. Catoe
                                        United States Magistrate Judge

October 19, 2005

Greenville, South Carolina