IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ronnie McCray, #244124, ) | |
| ) | Civil Action No. 6:04-1146-CMC-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Cpt. Joseph Deloach; Sgt. Mitchell ) | |
| Odom; Sgt. James Rumph; and ) | |
| Lt. James Johnson, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court on the defendants' motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On March 31, 2005, the defendants filed a motion for summary judgment.[1] By order of the court filed April 1, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on May 9, 2005.

---

[1] Due to a technical error in filing the motion on CM/ECF, the defendants re-filed their motion and memorandum on April 12, 2005.

**FACTS PRESENTED**

The plaintiff filed this action on April 15, 2004, pursuant to 42 U.S.C. §1983. He complains that on June 8, 2003, after he threw an "unknown liquid substance" on a female corrections officer, defendant Sergeant James Rumph, a correctional supervisor at the Allendale Correctional Institution ("ACI"), directed no less than two bursts from the MK-9 Fogger at the plaintiff after the plaintiff repeatedly refused to follow directives (comp. § IV ¶¶ 5-7). The plaintiff further complains that defendant Captain Joseph Deloach, a correctional supervisor at ACI, delivered one further burst from an MK-9 Fogger (*id.* ¶¶ 10-11). Additionally, the plaintiff contends that all of the defendants, after his continued refusal to comply with officer directives, "knocked [him] down to the floor" (*id.* ¶ 15) and proceeded to punch and kick him (*id.* ¶¶ 15-16). Finally, the plaintiff asserts that defendant Sergeant Mitchell Odom pushed the plaintiff into a desk window while he was restrained in leg irons and belly chains (*id.* ¶ 20). The plaintiff admits in his complaint that he repeatedly refused to follow the corrections officers' directives, and it was only after those repeated refusals that the Force Cell Movement Team was activated (*Id.* ¶¶ 5-11).

In support of their motion for summary judgment, the defendants submitted a videotape that, according to the affidavit of Sergeant Odom, is a true and correct recording of the activation of the Force Cell Movement Team to restrain the plaintiff and remove him from his cell on June 8, 2003 (def. m.s.j., ex. A).

The plaintiff claims that as a result of the defendants' actions he received lacerations to his face, a contusion to his right eye, and bruises and abrasions to his elbows and knees (comp. ¶¶ 17-18). Once the plaintiff was secured in a holding cell, Nurse Jonathan Bennett examined him for a bruise to his right eye, lacerations of his face, and bruises to his elbows and knees (comp. ¶¶ 24). According to the plaintiff's medical records, he had an abrasion on his right leg, his eye was slightly swollen, and the sclera had two reddened areas. The plaintiff's vision was adequate. The plaintiff was given Motrin and

artificial tears. A week later, on June 17, 2003, the plaintiff was seen for a follow-up by a physician at SCDC. The plaintiff's eye injury was "much improved," and he was expected to "do fine." He was instructed to use the artificial tears as needed (def. m.s.j., ex. C at 9-10).

The plaintiff alleges in his complaint that the defendants' actions constituted excessive force violating his Eighth Amendment rights. He seeks money damages from the defendants. The plaintiff does not allege that he was denied appropriate medical treatment.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex*

3

*Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants previously moved to dismiss this action for failure to exhaust administrative remedies in a motion filed in May 2004. The Honorable Cameron McGowan Currie, United States District Judge, declined to adopt this court's recommendation that the motion to dismiss be granted. As noted by Judge Currie in her order, the plaintiff filed an appeal with the Administrative Law Judge Division ("ALJD") prior to filing the instant lawsuit. Judge Currie noted that while the South Carolina Department of Corrections ("SCDC") had argued in the Administrative Law Court that the ALJD did not have jurisdiction over the appeal, the defendants argued in the motion to dismiss that the plaintiff was required to appeal to the ALJD in order to exhaust his remedies. Judge Currie noted that the two positions were entirely inconsistent and thus denied the motion to dismiss for failure to exhaust.

In the motion for summary judgment now at issue, the defendants once again argue that the plaintiff's action is barred until he exhausts his administrative remedies. As Judge Currie has rejected the defendants' argument and declined to dismiss on this basis as set forth above, this argument fails, and the court will address the merits of the plaintiff's claims.

The plaintiff alleges that the force cell movement on June 8, 2003, constituted excessive force in violation of the Eighth Amendment. The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "It not only out-laws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); see *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976). To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298; *Williams*, 77 F.3d at 761.

In this case, the evidence does not support the plaintiff's claim that the force used against him was excessive. The affidavits of the correctional officers show that the force cell movement was necessary because the plaintiff repeatedly refused to follow directives to step forward and to be placed in handcuffs (def. m.s.j., ex. B). The plaintiff admits that he threw "an unknown liquid substance" on a correctional officer, and the force cell movement was initiated only after he repeatedly refused the directives of the correctional officers so that he could be handcuffed and removed while they searched his cell (comp. ¶¶ 5-10). The use of force was clearly applied to maintain discipline, not to maliciously or sadistically cause harm to the plaintiff.

Neither the videotape of the force cell movement nor the affidavits of the officers involved indicate that the plaintiff was treated in the manner alleged in his complaint

(def. m.s.j., ex. A, B). In fact, the officers all emphatically deny that any of them punched, kicked, struck, or threw the plaintiff into a window during the force cell movement (def. m.s.j., ex. B). The plaintiff offers nothing but his own assertions to show that he was subjected to excessive force. As such, the plaintiff's claims are merely bald allegations which are insufficient to survive summary judgment. *See White v. Boyle*, 538 F.2d 1077 (4th Cir. 1976) (conclusory allegations insufficient to avoid summary judgment).

Moreover, even assuming, *arguendo*, that there is a genuine issue of material fact as to whether the officers behaved maliciously or sadistically when they forcibly removed the plaintiff from his cell, the court finds that the plaintiff has failed to show that any injuries he suffered from the alleged force are more than *de minimis*. *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (*en banc)* (holding that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*"). Accordingly, the claim is without merit.

The plaintiff also alleges that the defendants conspired with each other to cause him physical injury (comp. ¶ 25). However, the plaintiff has failed to allege any specific facts demonstrating that the defendants came to a mutual understanding to accomplish some unlawful plan. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996) ("[T]o survive a properly supported summary judgment motion, Appellants' evidence [regarding a civil conspiracy claim under § 1983] must, at least, reasonably lead to the inference that Appellees positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan."). He further alleges that the defendants acted in retaliation "because he threw an unknown substance on a female staff [member]" (comp. ¶ 26). In order to state a claim of retaliation, an inmate must demonstrate that the conduct or speech retaliated against is constitutionally protected. *See Pollard v. Bakerville*, 481 F.Supp. 1157, 1160-61 (E.D. Va. 1979). Clearly, the plaintiff has failed to make such a claim.

The plaintiff alleges state law tort claims of assault and battery against the defendants (comp. ¶ 30). He claims that the defendants, while acting within the scope of their employment, acted "willfully and maliciously with the intent and purpose of harming" him (comp. ¶¶ 3, 31). The South Carolina Tort Claims Act ("the Act") provides a limited waiver of the immunity of the state and its agencies, political subdivisions, and governmental entities from liability in tort. S.C. Code Ann. §15-78-20(b). The waiver of immunity is not absolute and is subject to a number of exceptions, including loss resulting from conduct that constitutes actual malice or intent to harm. S.C. Code Ann. §15-78-60(17). As argued by the defendants, "[a]s a matter of law, the [d]efendants, in the capacity in which they are sued, cannot be held liable for an assault or battery" (def. m.s.j. 11).

Lastly, the defendants argue that they are entitled to qualified immunity from suit in this case because their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person should have known. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.* Thus, in ruling on a defense of qualified immunity, a court must (1) identify the specific right allegedly violated; (2) determine whether at the time of the alleged violation the right was clearly established; and (3) if so, determine whether a reasonable person in the official's position would have known that his action would violate the right. *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992).

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an

actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 286, 290 (1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 426 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

In this case, as set forth above, the plaintiff has failed to demonstrate that the actions of the defendants violated any of his constitutional rights. Therefore, the defendants are entitled to qualified immunity on these claims.

## CONCLUSION AND RECOMMENDATION

Now, therefore, for the reasons set forth above, it is recommended that the defendants' motion for summary judgment be granted.[2]

                                            s/William M. Catoe
                                            United States Magistrate Judge

October 28, 2005

Greenville, South Carolina

---

[2] On March 11, 2005, the plaintiff also filed a motion for temporary restraining order. On October 19, 2005, this court recommended that the motion be denied.