IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ronnie McCray, # 244124, | ) | C.A. No. 6:04-2411-CMC-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Cpt. Joseph Deloach; Sgt. Mitchell Odom, | ) | |
| Sgt. James Rumph; and Lt. James Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. The complaint alleges Defendants violated Plaintiff's Eighth and Fourteenth Amendment rights during a "forced cell extraction" on June 8, 2003. Plaintiff seeks monetary relief. On March 11, 2005, Plaintiff filed a motion for temporary restraining order, seeking that this court order certain other non-monetary remedies.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation. On October 19, 2005, the Magistrate Judge issued a Report recommending that Plaintiff's motion for a temporary restraining order be denied. On October 28, 2005, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Reports and Recommendations and the serious consequences if he failed to do so. Plaintiff has filed no objections to either Report and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the October 19, 2005 Report and Recommendation and the October 28, 2005 Report and Recommendation by reference in this Order. Plaintiff has not made the requisite showing necessary for this court to issue a temporary restraining order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a temporary restraining order is **denied**. Defendants' motion for summary judgment is **granted**[1] and this matter is dismissed with prejudice.

---

[1] Defendants Odom and Rumph have moved for dismissal based upon qualified immunity. Because this court find Plaintiff has failed to establish that the officers' conduct violated a constitutional right, it is not necessary to determine whether Defendants are entitled to qualified immunity. *See Parrish v. Cleveland*, 372 F.3d 294, 301-02 (4th Cir. 2004).

**IT IS SO ORDERED**.

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 8, 2005